IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
CARL J. HARBRANT,              )
                               )
            Plaintiff,         )
                               )
    v.                         ) Civil Action No. 04-181J
                               )
JO ANNE B. BARNHART,           )
COMMISSIONER OF                )
SOCIAL SECURITY,               )
                               )
            Defendant.         )
```

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 27th day of October, 2005, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 10) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently.  Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001).  Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity.  Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991).  These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed an application for DIB on August 11, 1997, alleging disability beginning May 27, 1997, due to arthritis, osteoarthritis and hypertension.  Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on June 16, 1998, at which plaintiff appeared represented by counsel.  On August 28, 1998, the ALJ issued a decision finding that plaintiff was not disabled.  On December 22, 2000, the Appeals Council granted plaintiff's request for review and remanded the matter to the ALJ for further consideration.  The ALJ held a supplemental hearing on April 23, 2001.  On May 23, 2001, the ALJ issued a partially favorable decision, finding that plaintiff was disabled as of July 16, 2000, but not prior thereto.  On June 4, 2004, the Appeals Council denied plaintiff's subsequent request for review, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 51 years old at the time of his alleged onset date, which is classified as an individual closely approaching

advanced age under the regulations.   20 C.F.R. §404.1563(d).
Plaintiff has a high school education.   Plaintiff has past
relevant work experience as a pallet truck driver, van driver and
steel mill pit recorder, but he has not engaged in substantial
gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing
testimony from plaintiff and a vocational expert at the
supplemental hearing, the ALJ concluded that plaintiff was not
disabled within the meaning of the Act prior to July 16, 2000.
The ALJ found that although the medical evidence established that
plaintiff suffers from the severe impairments of osteoarthritis of
both knees and obesity, those impairments alone, or in
combination, do not meet or equal the criteria of any of the
listed impairments set forth in Appendix 1, 20 C.F.R., Subpart P,
Regulation No. 4 (hereinafter, "Appendix 1").

The ALJ found that plaintiff retains the residual functional
capacity to perform a range of light work with a sit/stand option
every 15-20 minutes.   In addition, plaintiff is precluded from
performing work that involves repetitive pushing and pulling with
the lower extremities, as well as work that involves exposure to
vibration, temperature extremes, wetness and humidity
(collectively, the "RFC Finding").   As a result of these
limitations, the ALJ determined that plaintiff could not perform
his past relevant work.   Nonetheless, based upon the vocational
expert's testimony, the ALJ concluded that plaintiff's age,
educational background, work experience and residual functional

- 3 -

capacity enable him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a general office clerk, mail clerk or assembler. Accordingly, the ALJ found that plaintiff was not disabled within the meaning of the Act prior to July 16, 2000. However as of that date, plaintiff reached age 55, he then was characterized as a person of advanced age, and, as a result, he met medical-vocational rule 202.06, which directed a conclusion that he was disabled. (R. 19).

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598. The process is sequential, following a "set order" of inquiries. 20 C.F.R. §404.1520(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether

- 4 -

the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §404.1520(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on the basis that the ALJ erred by failing to follow the directives set forth in the Appeals Council's remand order dated December 20, 2000 (the "Remand Order"), and by then giving inadequate weight to the opinion of plaintiff's treating physician, Dr. Frederick

Munzer. After reviewing the record, the court concludes that these arguments lack merit.

As an initial matter, the Remand Order noted that various limitations identified by Dr. Munzer appeared to be supported by his treatment records. (R. 103). Plaintiff suggests that the Remand Order required the ALJ to fully adopt Dr. Munzer's opinion concerning plaintiff's limitations.[1] The Remand Order plainly does not contain any such directive. (R. 103-04). Rather, the Remand Order required the ALJ to further consider plaintiff's residual functional capacity, provide a rationale for the assessed limitations, further evaluate the treating and examining opinions and explain the weight given to such opinion evidence. (R. 104). In addition, if warranted, the ALJ was to obtain vocational expert testimony on the matter.

The ALJ complied with the Remand Order by conducting a supplemental hearing and obtaining additional vocational expert testimony. The ALJ's decision indicates that he thoroughly evaluated Dr. Munzer's opinion and assessment of plaintiff's limitations (R. 15-17), and he specifically stated and explained the amount of weight he gave the doctor's opinion. (R. 17). The ALJ determined that Dr. Munzer's opinion deserved more weight than opinions from non-examining state agency physicians, and he

---

[1]In a September 10, 1997 report, Dr. Munzer stated that plaintiff only could lift 10 lbs., walk less than two hours, could not push or pull for more than 30 minutes at a time, required a sit/stand option, could not engage in certain postural maneuvers, had reduced manual dexterity and could not be exposed to vibration, temperature extremes, wetness and humidity. (R. 147).

- 6 -

explained that he gave weight to Dr. Munzer's opinion that plaintiff requires a sit/stand option, cannot perform repetitive pushing and pulling with the lower extremities and must avoid vibration, temperature extremes, wetness and humidity.   (R. 18). Indeed, the ALJ incorporated those restrictions identified by Dr. Munzer into the RFC Finding.   Therefore, contrary to plaintiff's contention, the ALJ followed the requirements of the Remand Order.

Furthermore, the ALJ properly evaluated Dr. Munzer's opinion and determined that his assessment of plaintiff's capabilities was not entitled to controlling weight.   A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record.   20 C.F.R. §404.1527(d)(2);  Fargnoli, 247 F.3d at 43.   In this case, Dr. Munzer's opinion did not fully satisfy these requirements.

As previously noted above, the ALJ adopted a number of limitations identified by Dr. Munzer in his September 10, 1997 report.   The ALJ did not incorporate into the RFC Finding Dr. Munzer's opinion that plaintiff only could lift 10 lbs., walk less than two hours, had reduced capacity to engage in certain postural maneuvers and had reduced manual dexterity.   The limitations identified by Dr. Munzer, which the ALJ rejected, were not supported by the doctor's own treatment notes and records.   (R.

185-94, 230-97). Furthermore, in December 2000,[2] Dr. Munzer reported that plaintiff complained of pain in his back, hips and knees, but noted that plaintiff stated the pain was well controlled with his medications. (R. 236). In addition, the severe limitations found by Dr. Munzer were inconsistent with X-rays which showed only mild degenerative changes in plaintiff's hips and moderate degenerative changes in his knees and lumbar spine. (R. 149, 232-33). Finally, Dr. Munzer's limitations that were not adopted by the ALJ also were not supported by the report of Dr. Harry Pote, the consultative examiner, (R. 153-59), nor were they supported by the treatment notes of Dr. Don Lowry, an orthopedic specialist, who plaintiff saw twice. (R. 298-99).

Despite plaintiff's argument that the ALJ improperly rejected Dr. Munzer's opinion and findings, the ALJ thoroughly considered the doctor's opinion of plaintiff's limitations. Indeed, the ALJ incorporated some of the limitations identified by Dr. Munzer into the RFC Finding, but rejected those that were not supported by the record as a whole. For the reasons set forth above, the court finds that the ALJ complied with the Remand Order and properly evaluated Dr. Munzer's opinion.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff was disabled within the meaning of the Act as of July 16, 2000, but not prior thereto. The ALJ's

---

[2]For DIB purposes, plaintiff was insured only through December 31, 2000. (R. 19).

AO 72A
(Rev.8/82)

findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: Joseph Fieschko, Esq.
    2230 Koppers Building
    Pittsburgh, PA 15219

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    224 Penn Traffic Building
    319 Washington Street
    Johnstown, PA 15901

AO 72A
(Rev.8/82)